## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13 CV 1455 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| $526,695.24 SEIZED FROM JP MORGAN | ) | |
| CHASE BANK INVESTMENT ACCT | ) | MEMORANDUM OPINION |
| #74068415, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This civil forfeiture action was filed on July 3, 2013. (Docket #1.) A status conference was held on April 22, 2015, during which the Parties argued their respective positions as to several outstanding Motions relative to Sbeih Sbeih and Nineh Ahmad-Sbeih.

### I.    Fugitive Disentitlement Act - Sbeih Sbeih.

On August 7, 2013, Mr. Sbeih and his wife, Nineh Ahmad-Sbeih, filed a Verified Claim as to numerous items listed in the Complaint. (Docket #44.)[1]   The related criminal indictment against Mr. Sbeih was issued on June 3, 2014 and a warrant for his arrest was issued on June 25,

---

[1]        On March 20, 2015, Mr. Sbeih filed a Motion for Leave to file an Amended Verified Claim. (Docket #117.) On March 20, 2015, Mrs. Sbeih filed a separate Motion for Leave to file Amended Verified Claim (Docket #118), which the Court will address below.

2014. (Case No. 1:14 CR 196, Docket #s 1 and 8.) On April 10, 2015, the United States filed its

Motion to Strike Claims Pursuant to Fugitive Disentitlement Statute as to Sbeih Sbeih. (Docket

#130.) Mr. Sbeih is a naturalized U.S. citizen who resides in Israel. Despite knowledge of the

pending criminal case and arrest warrant, Mr. Sbeih has not returned the United States.

**A.     Residency.**

Mr. Sbeih asserts that he has not returned to the United States for fear of permanently

losing his Jerusalem residency card. In the summer of 2008, Mr. Sbeih traveled from the United

States to Jerusalem with his wife and children to visit family. Mr. Sbeih states that he had

previously traveled to Jerusalem every two or three years. Mr. Sbeih states that upon attempting

to return to the United States that summer, he was asked to sign documents declaring that he was

no longer a legal resident of Jerusalem; that he would not be able to return to Jerusalem for five

years; and, that if he were allowed to reenter the Country in the future, he would do so as a

tourist. Mr. Sbeih decided not to return to the United States and legal proceedings over his

residency ensued. Mr. Sbeih asserts that in 2009, he was notified of a requirement that he stay in

Jerusalem for two years in order to obtain his residency card, but that after two years had passed

his request was still denied. Mr. Sbeih claims he was then told he could regain his Jerusalem

residency card if he relinquished his U.S. citizenship, which he declined. (Docket #s 89, 116,

and 136.)

Mr. Sbeih relates that in the summer of 2011, his attorney obtained permission from the

Ministry of the Interior, with the assistance of the United States Consulate, for Mr. Sbeih to

travel to the United States. Mr. Sbeih returned to the United States for four months and worked

at his pharmacy. He then returned to Jerusalem where he asserts he continues to work at

resolving his residency issues. (Id.) It is unclear whether the legal issues relative to Mr. Sbeih's

-2-

residency in Jerusalem will ever be resolved to his satisfaction. Despite having knowledge of the

pending criminal proceedings, Mr. Sbeih remains in Jerusalem. However, his wife has since

returned to the United States.

### B.    The Fugitive Disentitlement Doctrine.

On April 10, 2015, the United States filed its Motion to Strike Claims Pursuant to

Fugitive Disentitlement Statute as to Sbeih Sbeih. (Docket #130.) The United States asserts that

Mr. Sbeih is deliberately refusing to reenter the United States for prosecution and otherwise

evading the jurisdiction of the District Court. Mr. Sbeih opposes the United States' Motion to

Strike, and asks the Court to stay claimant-initiated discovery in this case. (Docket #s 89, 116,

136.) Mr. Sbeih argues that the United States has not proven that *the* reason for his failure to

return to the United States is to avoid prosecution.

Under the fugitive disentitlement doctrine, a fugitive in a criminal case cannot maintain a

claim in a related civil forfeiture action. The doctrine of disentitlement "is grounded on the

impropriety of permitting a fugitive to pursue a claim in federal court where he might accrue a

benefit, while at the same time avoiding an action of the same court that might sanction him."

*United States v. Eng*, 951 F.2d 461, 465 (2nd Cir. 1991). The doctrine applies not only to those

who flee the jurisdiction of the United States, but also to those who decline to "enter or reenter"

the United States to avoid criminal prosecution. 28 U.S.C. § 2466(a)(1)(B); *United States v.*

*Collazos*, 368 F.3d 190, 198-99 (2nd Cir. 2004).

The fugitive disentitlement statute, 28 U.S.C. § 2466, provides as follows:

§ 2466.  Fugitive disentitlement

(a) A judicial officer may disallow a person from using the resources of the
courts of the United States in furtherance of a claim in any related civil
forfeiture action or a claim in third party proceedings in any related criminal

forfeiture action upon a finding that such person–

   (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution–

     (A) purposely leaves the jurisdiction of the United States;

     (B) declines to enter or reenter the United States to submit to its jurisdiction; or

     (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and

   (2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

(b) Subsection (a) may be applied to a claim filed by a corporation if any majority shareholder, or individual filing the claim on behalf of the corporation is a person to whom subsection (a) applies.

In *United States v. Salti*, 579 F.3d 656, 663 (6th Cir. 2009), the Sixth Circuit adopted the following five-part test used by the Second Circuit in determining whether the fugitive disentitlement statute applies:

> (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided prosecution by (A) purposefully leaving the United States, (B) declining to enter or reenter the United States, or (C) otherwise evading the jurisdiction of a court in the United States in which a criminal case is pending against the claimant.

*Id*. at 663 (quoting *Collazos*, 368 F.3d at 198). "The ultimate decision whether to order disentitlement in a particular case rests in the sound discretion of the district court." *Collazos*, 368 F.3d at 198.

Mr. Sbeih argues that the United States has failed to prove the fifth element of the test outlined in *Collazos* – arguing that the United States must prove that his failure to return to the

-4-

United States is motivated solely by his desire to avoid prosecution.  Mr. Sbeih argues that the

United States has not proven that *the* reason for his failure to return to the United States is to

avoid prosecution and asserts that he continues to reside in Israel due to ongoing legal

proceedings regarding his Israeli citizenship which would prevent him from ever returning to

Israel if he were to leave.  Mr. Sbeih provides the legal opinion of a Professor at the University

of Denver, as well as several Israeli notarized legal documents and correspondence detailing the

legal proceedings and a letter from his attorney as evidence of his inability to return.

      The fifth element of the test developed by the Second Circuit in *Colazzos*, as it applies

to Mr. Sbeih, requires the United States to prove that Mr. Sbeih deliberately seeks to avoid

prosecution by declining to reenter the United States.  In 2014, the Second Circuit in *United*

*States v. Technodyne, LLC*, 753 F.3d 368, 383 (2nd Cir. 2014), clarified the fifth element, stating

that while "the 'in order to' provision requires proof of a particular intent, we disagree that the

intent must be proved to be the sole, principal, or dominant intent." *Technodyne,* 753 F.3d at

383.  The Second Circuit noted its agreement with the Ninth Circuit in *United States v.*

*$671,160.00 in U.S. Currency*, 730 F.3d 1051 (9th Cir. 2013), in which the Court stated as

follows:

> The existence of other factors that might have also motivated [the claimant]
> to remain abroad, such as his Canadian citizenship and residency, does not
> undermine or foreclose the district court's finding that [the claimant] made a
> conscious choice to not "enter or reenter the United States" in order to avoid
> criminal prosecution. 28 U.S.C. § 2466(a)(1)(B). [The claimant's] desire to
> evade criminal prosecution need not be the sole motivating factor causing
> him to remain abroad, to the exclusion of all others.

730 F.3d at 1056, n.2 (emphasis added).  Thus, the fact that Mr. Sbeih may also fear losing

residency in Jerusalem does not preclude a finding that he has made a conscious choice not to

reenter the United States in order to avoid criminal prosecution.  Whether Mr. Sbeih

deliberately seeks to avoid prosecution must be assessed in light of "the totality of the circumstances." *See Technodyne,* 753 F.3d at 384; *United States v. One Parcel of Real Property Located at 66 Branch Creek Drive, Jackson, Tennessee*, 2014 U.S. Dist. LEXIS 162399 (W.D. Tenn. 2014) (citing *Collazos*, 368 F.3d at 201).

Based on the totality of the circumstances, as related by Counsel during the numerous Status Conferences held in this case and briefed repeatedly by the Parties, the Court finds that Mr. Sbeih has made a conscious choice not to reenter the United States for the purpose of avoiding prosecution.  See *U.S. v. Technodyne LLC*, 753 F.3d 368, 383 (2nd Cir. 2014).  Mr. Sbeih is not prohibited from leaving Israel; is not detained in Israel; and, has presented no evidence that he is somehow incapacitated or otherwise unable to travel.  Mr. Sbeih's wife has returned to the United States and, although Mr. Sbeih argues he must stay in Jerusalem to care for his parents, Mr. Sbeih has indicated he has siblings who remain in Jerusalem.  Prior to 2008, Mr. Sbeih traveled to Jerusalem only every two or three years and, in 2011, during the pendency of legal proceedings regarding his residency, Mr. Sbeih did in fact seek (through his attorney) and receive (from the Ministry of the Interior with the assistance of the United States Consulate) permission to travel to the United States for four months.  However, he now chooses not to return to the United States in the face of the pending criminal case.  Mr. Sbeih shall not permitted to pursue a claim in this civil forfeiture action, while at the same time purposefully avoiding the criminal case pending against him.

Accordingly, the Motion to Strike Claims Pursuant to Fugitive Disentitlement Statute as to Sbeih Sbeih filed by the Untied States on April 10, 2015 is (Docket #130) is hereby GRANTED.

The Verified Claim filed by Sbeih Sbeih and Nimeh Ahmad-Sbeih (Docket #44) is

-6-

hereby STRICKEN as to Sbeih Sbeih.

Sbeih Sbeih's Motion for Leave to File Amended Verified Claim (Docket #117) is hereby DENIED AS MOOT.

## II.    Claims of Nimeh-Ahmad Sbeih.

On August 7, 2013, Sbeih Sbeih and his wife, Nimeh Ahmad-Sbeih, filed a Verified Claim as to seven of the financial account Defendants named in the above captioned matter. (Docket #44.)  The August 7, 2013 Claim did not include the real property located at 4218 Laurell Lane, North Olmsted, Ohio Permanent Parcel No. 232-19-069.

On February 10, 2015, the United States filed a Motion for an Order of Forfeiture in the above captioned matter as to the Laurell Lane Property, stating that no third party claims were made as to the Laurell Lane property.  (Docket #103.)  That same day, the United States filed a Motion to Strike Claim of Nimeh Ahmad-Sbeih for Failing to Comply with Supplemental Rule (G)(8).  (Docket #104.)  The United States argues Mrs. Sbeih lacks statutory standing to assert a claim in this forfeiture action due to her failure to timely file an answer to the civil forfeiture complaint as required by Supplemental Rule G(5)(b). (Docket #104.)

Shortly thereafter, on February 19, 2015, Mr. Yelski entered an appearance on Mrs. Sbeih's behalf in this case.  (Docket #105.)  On February 20, 2015, Mrs. Sbeih filed a Motion for Leave to File Answer Instanter.  (Docket #108.)  The Court granted Mrs. Sbeih leave to file an answer on February 23, 2015, but vacated that order on March 10, 2015 so that the Parties could brief the issues for the Court.  (Docket #114.)  On March 20, 2015, Mrs. Sbeih filed a Motion for Leave to File Amended Verified Claim to include the Laurell Lane property, which the Government opposes.  (Docket # 118.)  For the same reasons filed in the August 7, 2013 Motion to Strike, the United States argues Mrs. Sbeih should not be granted leave to file an

-7-

amended verified claim to include the Laurell Lane property. (Docket #125). On March 20, 2015, the United States filed a Motion for Default Judgment (Docket #120) as to the Laurell Lane property, which Mrs. Sbeih opposes (Docket #128).

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs a forfeiture action *in rem* arising from federal statute. Supplemental Rule (G)(5)(b) requires a claimant to serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing a claim. The United States argues that a rule of strict compliance should be applied, stating in part that the purpose of requiring an answer within 21 days is to give the plaintiff reasonable notice of the parts of its complaint that the claimant intends to put in issue. (Docket #104 at p. 3) (citing *United States v. 1866.75 Board Feet and 11 Doors and Casings*, 2008 WL938792, *3 (E.D. Va. Mar. 25, 2008)).

"Courts are authorized to strike the claim and/or answer of any claimant who fails to follow the [Supplemental] Rules' procedural dictates." *United States v. $22,226.25 in Interbank FX Acct. No. XXX0172*, 763 F. Supp. 2d 944, 948 (E.D. Tenn. 2011) (internal quotation omitted). However, a district court also has discretion to excuse noncompliance and allow an extension of the filing deadlines. *Id.* A court may consider:

> [T]he claimant's good faith attempts to comply with procedural requirements; the date upon which the claimant received notice of the pending forfeiture action; any requests by the claimant to amend the pleadings or for an extension of time; any reasons proffered by the claimant for the omission; and whether prejudice to the United States will result from excusing the claimant's procedural errors.

*Id.* (citations omitted).

During a Status Conference held on April 22, 2015, the Parties argued these issues before the Court. Mrs. Sbeih's current attorney, Mr. Yelski, who first entered an appearance in this case on February 19, 2015, argued that a claim to the property was inadvertently left out of

-8-

Mrs. Sbeih's original claim and, that under the facts and circumstances, the delay in filing an answer will not prejudice the United States. This Court agrees. This civil forfeiture was filed in July 2013. Mrs. Sbeih and her husband originally filed their verified claim on August 7, 2013. Upon entering an appearance in this case, Mrs. Sbeih's current attorney immediately opposed the United States' Motion to Strike and filed a Motion for Leave to Answer, attempting to correct the procedural missteps cited by the United States.

This case is logistically complex given the fact that two of the three defendants in the underlying criminal case, including Mrs. Sbeih's husband, remain overseas. There is nothing to suggest Mrs. Sbeih's failure to comply with the 21-day requirement set forth in Supplemental Rule 5(G) or her failure to include a claim to the Laurell Lane property in the original verified claim were the result of anything but inadvertence and there is no evidence that the United States will be prejudiced by allowing Mrs. Sbeih to file her claim. Mrs. Sbeih is not a Defendant in the underlying criminal case and, as stated above, Mr. Sbeih's Verified Claim is hereby stricken pursuant to the Fugitive Disentitlement Act. Accordingly, a determination as to the disposition of the accounts and property at issue will not be delayed beyond what the underlying criminal action would otherwise dictate.

Based on the foregoing, the United States' Motion for an Order of Forfeiture as to the Laurell Lane Property (Docket #103) is hereby DENIED. The United States' Motion to Strike Claim of Nimeh Ahmad-Sbeih for Failing to Comply with Supplemental Rule G(5) (Docket #104) is hereby DENIED. Mrs. Sbeih's Motion for Leave to File Amended Verified Claim (Docket #118) is hereby GRANTED. The United States' Motion for Default Judgment as to Real Property Located at 4218 Laurell Lane, North Olmsted Ohio, Permanent Parcel No. 232-19-069 (Docket #120) is hereby DENIED.

-9-

### Conclusion

The United States' Motion to Strike Claims Pursuant to the Fugitive Disentitlement Statute as to Sbeih Sbeih (Docket #130) is hereby GRANTED.

The Verified Claim filed by Sbeih Sbeih and Nimeh Ahmad-Sbeih (Docket #44) is hereby STRICKEN as to Sbeih Sbeih only.

Sbeih Sbeih's Motion for Leave to File Amended Verified Claim (Docket #117) is hereby DENIED AS MOOT.

The United States' Motion for an Order of Forfeiture as to the Laurell Lane Property (Docket #103) is hereby DENIED.

The United States' Motion to Strike Claim of Nimeh Ahmad-Sbeih for Failing to Comply with Supplemental Rule G(5) (Docket #104) is hereby DENIED.

Mrs. Sbeih's Motion for Leave to File Amended Verified Claim (Docket #118) is hereby GRANTED.

The United States' Motion for Default Judgment as to Real Property Located at 4218 Laurell Lane, North Olmsted Ohio, Permanent Parcel No. 232-19-069 (Docket #120) is hereby DENIED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: May 12, 2015