IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13 CV 1455 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| $525,695.24 SEIZED FROM JP | ) | |
| MORGAN CHASE BANK | ) | |
| INVESTMENT ACCT#74068415, *et al.*, | ) | |
| | ) | ORDER |
| Defendants. | ) | |

This case is before the Court on the Government's Motion to Strike Disentitled Fugitives' Motion to Vacate or in the Alternative Clarify Judgment and for the Return of Property. (ECF #167). Osama Salouha and HYS Health Mart Inc. ("HYS") filed a Brief in Opposition to the Government's Motion to Strike and in support of their own Motion to Vacate or in the Alternative Clarify Judgment and for the Return of Property. (ECF #168).

Mr. Salouha and HYS filed a Motion to Vacate or in the Alternative Clarify Judgment and for the Return of Property, asking this Court to reconsider its decision to strike the claims Mr. Salouha and HYS asserted against the defendant properties in this proceeding, and/or to

clarify whether the Court's judgment (ECF #144) is a final judgment authorizing the forfeiture of all the property at issue.  The motion also challenges the Court's decision to allow forfeiture of the subject property.   The government responded with its own motion to strike Mr. Salouha and HYS's motion, on the grounds that they are disentitled fugitives under 28 U.S.C. § 2466, and, therefore, are not allowed to use the resources of the Court in furtherance of any claim in this related civil forfeiture action.

Indeed, the Court previously determined that Mr. Salouha and HYS both qualified as disentitled fugitives under the statute.  (ECF #143).  Therefore, the Court struck their claims against the defendant properties.  This determination, and the reasons behind it, were discussed in detail in the Court's Memorandum Opinion and Order, issued May 12, 2015 (ECF #143), and the final determination was also memorialized in a final Judgment against these two entities, issued on the same date.  (ECF #144).   The Memorandum Opinion and Order detailed the information and evidence that was made available to the Court throughout the pendency of this litigation, reviewed the applicable law, and outlined the Court's findings with regard to the only challenged element of the disentitled fugitive statute.  "Based on the totality of the circumstances, as related by Counsel during the numerous Status Conferences held in this case, briefed repeatedly by the Parties, and set forth [in the opinion], the Court [found] that Mr. Salouha has made a conscious choice not to reenter the United States for the purpose of avoiding prosecution."   As this was the only element of the statute that had been challenged, the Court then found that the disentitled fugitive statute applied and that Mr. Salouha and HYS were barred from pursuing any claim to the properties at issue in this civil litigation.

Mr. Salouha and HYS failed to file an opposition to the government's motion to strike

the verified claims (ECF #121) despite having been given an extended time in which to file any such opposition.  (ECF #133).  Even in the absence of any opposition, the Court considered applicable arguments made by these parties at earlier stages of the litigation when making its determination.  (ECF # 90, 93).  Mr. Salouha and HYS did not appeal the Court's finding.  They have provided no explanation that would excuse their failure to oppose the original motion, or to appeal the Court's finding that they are disentitled fugitives.  They have also provided no new information that would challenge, or in any way affect the Court's prior decision.

The Court's determination that Mr. Salouha and HYS are disentitled fugitives remains intact.  As disentitled fugitives, they have no standing to raise any claim to the defendant properties, or to seek reconsideration or clarification of the Court's orders relating to those properties.  The Government's Motion to Strike (ECF #167) is GRANTED in part and DENIED in part.  To the extent that the Motion to Vacate (ECF #164) seeks reconsideration of their status as disentitled fugitives that motion is DENIED.  To the extent that it seeks any further consideration of this Court's order relating to the disposition of the defendant properties, it is STRICKEN.   IT IS SO ORDERED.

  /s/ Donald C Nugent  
DONALD C. NUGENT  
United States District Judge

DATED:  May 11, 2016